AWERKAMP, BONILLA & GILES, PLC
6891 N. Oracle Rd., Suite 155
Tucson, AZ 85704-4287
(520) 798-5282

Ivelisse Bonilla (SBN 023594)
ib@abdilaw.com
Shannon Giles (SBN 018786)
sg@abdilaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Krystal Gomez,<br><br>             Plaintiff,<br>     vs.<br><br>Swan Gastroenterology, PC; Fadi Deeb, MD and Jane Doe Deeb, husband and wife,<br><br>             Defendants. | No.<br><br>**COMPLAINT** |

For her complaint, Plaintiff, Krystal Gomez, alleges as follows:

### NATURE OF THE CASE

1. Plaintiff seeks damages against Defendant Swan Gastroenterology, PC for employment discrimination (sexual harassment) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2. Plaintiff also seeks damages against Defendant Swan Gastroenterology, PC and Fadi Deeb, MD, for the torts of intentional infliction of emotional distress and assault and battery.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over Plaintiff's Federal claim in this action pursuant to 28 U.S.C. § 1331 because of the Federal question presented by Plaintiff's claim for violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the claim in the action with original jurisdiction that they form part of the same case or controversy.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts or omissions complained of occurred in this District.

5. On March 20, 2023, Plaintiff dual-filed a Charge of Discrimination with the Arizona Attorney General's Office, Civil Rights Division ("ACRD") and the Equal Employment Opportunity Commission ("EEOC").

6. On June 26, 2023, the ACRD issued a Notice of Right to Sue to Plaintiff.

7. On August 23, 2023, the EEOC issued a Notice of Right to Sue to Plaintiff.

## PARTIES

8. Plaintiff, Krystal Gomez was, at all relevant times, an employee of Swan Gastroenterology within the meaning of 42 U.S.C. § 2000e(f).

9. Defendant, Swan Gastroenterology, PC ("Swan Gastroenterology"), is an Arizona professional corporation in the business of providing medical care in Pima County and Cochise County, Arizona. At all relevant times, Swan Gastroenterology was an "employer" of Ms. Gomez within the meaning of 42 U.S.C. § 2000e(b).

10. Upon information and belief, Dr. Deeb is a medical doctor employed by Swan Gastroenterology and is the Director and President of Swan Gastroenterology.

11. Defendants Dr. Deeb and Jane Doe Deeb are believed to be husband and wife, and residents of Pima County, Arizona. All actions taken by Dr. Deeb were taken on behalf of his marital community.

12. At all relevant times, Dr. Deeb was acting in the scope of his employment at Swan Gastroenterology, under the control of Swan Gastroenterology, and in furtherance of Swan Gastroenterology's interests when he harassed and assaulted Plaintiff.

13. Swan Gastroenterology is vicariously liable for Dr. Deeb's actions.

### STATEMENT OF FACTS

14. Swan Gastroenterology employed Ms. Gomez as an Office Manager beginning in January of 2021.

15. From the beginning of her employment, Dr. Deeb subjected Ms. Gomez to inappropriate, sexual comments. Ms. Gomez asked her co-workers to never leave her alone with Dr. Deeb.

16. On November 23, 2022, Dr. Deeb assaulted Ms. Gomez, pulled her onto his lap and touched her inner thighs in an unwanted, sexual manner. Ms. Gomez ran from the office. As Dr. Deeb was leaving, he told Ms. Gomez that he would see her in the Tucson Office.

17. When Ms. Gomez reported the sexual assault to her supervisor, Lana Fritz-Mason, Ms. Fritz-Mason told Ms. Gomez that she should be flattered and there was nothing she could do because Dr. Deeb is the owner of the practice.

18. Ms. Gomez told Ms. Fritz-Mason that she could not work with Dr. Deeb because of the assault and Ms. Fritz-Mason told Ms. Gomez that if she reported the assault to the authorities, she would lose her job. Ms. Gomez told Ms. Fritz-Mason that she was only asking not to work when Dr. Deeb was present. Ms. Fritz-Mason told Ms. Gomez that if she did not like it, she could quit.

19.    On December 5, 2022, Ms. Gomez emailed Dr. Deeb and Ms. Fritz-Mason stating that Dr. Deeb had touched her inappropriately and that she was extremely uncomfortable. Ms. Gomez objected to working when Dr. Deeb was present and offered to work from home on days when he would be in the office.

20.    Dr. Deeb did not respond to the email but said that he would not abide by Ms. Gomez's terms and that she either had to work with him or quit.

21.    Suffering from depression and fear, Ms. Gomez cut her hours between December and January 5, 2022. Ms. Gomez's doctor told Ms. Gomez that she needed to quit for her own mental health.

22.    On January 5, 2022, Ms. Gomez noticed that Swan Gastroenterology, PC had placed an ad on Indeed.com for her position.

23.    Ms. Gomez's working conditions, including the sexual assault and retaliation, were intolerable. Because of the intolerable working conditions and the fact that Swan Gastroenterology was still scheduling Ms. Gomez to work with Dr. Deeb, Ms. Gomez felt compelled to resign.

24.    The sexual assault and harassment of Ms. Gomez and the constructive termination of her employment was reckless and/or callously indifferent to her federally protected rights.

## COUNT ONE

### Discrimination and Retaliation in Violation of Title VII against Swan Gastroenterology

25.    Swan Gastroenterology discriminated against Plaintiff on the basis of her gender, female, subjected her to sexual harassment and retaliated against her for having opposed sexual harassment.

26. Swan Gastroenterology constructively terminated Ms. Gomez by subjecting her to sexual assault and a pattern of continuous and outrageous sexual harassment by Dr. Deeb.

27. As a direct result of discrimination and retaliation by Swan Gastroenterology, Ms. Gomez suffered damages, including lost wages and emotional distress and punitive damages.

## COUNT TWO

## Intentional Infliction of Emotional Distress Against Defendants Fadi Deeb, MD and Swan Gastroenterology

28. Swan Gastroenterology's and Dr. Deeb's actions were extreme and outrageous and caused Plaintiff severe emotional distress.

29. Swan Gastroenterology and Dr. Deeb intended to cause Plaintiff severe emotional distress or acted with reckless disregard of the near certainty that emotional distress would result from Defendants' conduct.

30. Swan Gastroenterology is vicariously liable for Dr. Deeb's conduct.

31. Swan Gastroenterology and Dr. Deeb acted with an evil hand, guided by an evil mind, justifying an award of punitive damages.

32. Plaintiff suffered severe emotional distress as a result of the conduct of Swan Gastroenterology and Dr. Deeb.

33. Plaintiff has been damaged thereby in an amount to be proven at trial.

## COUNT THREE

## Assault and Battery Against Fadi Deeb, MD and Swan Gastroenterology

34. On November 23, 2022, Dr. Deeb sexually assaulted Ms. Gomez.

35. On November 23, 2022, when Dr. Deeb pulled Ms. Gomez onto his lap and touched her inner thighs in an unwanted, sexual manner, he committed battery. Swan Gastroenterology is vicariously liable for Dr. Deeb's conduct.

36. Swan Gastroenterology and Dr. Deeb acted with an evil hand, guided by an evil mind, justifying an award of punitive damages.

37. Plaintiff suffered severe emotional distress as a result of the conduct of Swan Gastroenterology and Dr. Deeb.

38. Plaintiff has been damaged thereby in an amount to be proven at trial.

## **REQUEST FOR JURY**

39. Plaintiff requests a trial by jury to the fullest extent permitted by law.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff, Krystal Gomez, requests judgment in her favor against Defendants, and each of them, as follows:

a. Compensatory damages;

b. For emotional distress damages;

c. For punitive damages;

d. For attorneys' fees and costs incurred herein on any counts so allowable;

e. For any other equitable relief this Court deems just and appropriate.

RESPECTFULLY SUBMITTED on September 12, 2023.

AWERKAMP, BONILLA & GILES, PLC

By  /s/  Shannon Giles
   Ivelisse Bonilla
   Shannon Giles
   *Attorneys for Plaintiff*